09/28/2010 09:52 FAX 5648838612  SF RIVERSIDE SHU    Case 2:10-cv-04035-HGB-KWR  Document 1-1  Filed 10/22/10  Page 1 of 9   ☒005/013

SF Fax Server 22        9/27/2010 12:52:47 PM PAGE    5/013   Fax Server
08/27/2010 12:12 FAX 18007264088    LA ICC              * CICS         ☒004/012

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 10-9486     DIVISION: B     DOCKET:

MONIQUE JUDICE, ET AL

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY

FILED: _____
                              DEPUTY CLERK

## PETITION

The Petition of MONIQUE JUDICE, and ALL PERSONS AS LISTED ON EXHIBIT "A" ATTACHED HERETO who states:

I.

Petitioners are all persons of the age of majority and domiciliaries in the Parish of Orleans, State of Louisiana, who owned immovable property located in Orleans Parish at the addresses as listed on Exhibit "A" attached hereto, and bring this action for their damages which individually does not exceed the sum of $74,999.

II.

Made defendant herein is:

a. State Farm Fire and Casualty Company, (hereafter "State Farm") a domestic insurer doing business in the State of Louisiana and can be served through its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

III.

State Farm was a named defendant in the following putative class actions:

a. *Connie Abadie et al v Aegis Security Ins Co et al* No. 06-5164 "K" (2) in the United States District Court for the Eastern District of Louisiana, filed 8/29/06

b. *Susan Abadie et al v Aegis Security Ins Co et al* No. 07-5112 "K" (2) in the United States District Court for the Eastern District of Louisiana, filed 8/28/07.

1

**EXHIBIT A**

 c. *The Insurance Master Consolidated Class Action Complaint* filed 3/15/07 in the matter of *In Re: Katrina Canal Breaches Consolidated Litigation*" USDC ED La. No. 05-4182 "K" (2)

 d. *Louisiana State et al. v. AAA Insurance et al* No. 07-5528 "K" (2) in the United States District Court for the Eastern District of Louisiana, filed 9/11/07.

As a result of these filings, prescription has been interrupted as to the defendant State Farm, and no notice having been published pursuant to La. C.C.P. art. 596 regarding rulings on the issue of class certification, prescription is suspended and has not begun to run again.

### IV.

At all pertinent times, Petitioners owned immovable property with improvements and personal property located at the addresses as listed on Exhibit "A" attached hereto.

### V.

Petitioners purchased homeowner's insurance policies (the "All Risk Policy") from the defendant State Farm.

### VI.

Petitioners purchased their policy with the reasonable expectation that they would be able to recover for any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind and wind driven rain.

### VII.

Petitioners trusted and relied upon the defendant's representations that the subject policy would cover any damage caused by a hurricane and, thus, reasonably believed that their Insurance Policy would cover any and all hurricane damage.

### VIII.

The amount of insurance coverage for Petitioners was based on the estimated cost of replacing their homes and their contents, an amount estimated by the defendant or an agent authorized by them to determine the replacement cost of the home and its contents.

### IX.

2

At all times relevant hereto, Petitioners made timely payment of the premiums due on their All Risk Policies, which policies were in full force and effect at the time of their loss.

X.

Petitioners are the named insured's of the properties located at the addresses as listed on Exhibit "A" attached hereto.

XI.

After Hurricane Katrina, Petitioners presented claims for damage in a timely fashion but were unsatisfied with her insurer's response and retained Joseph Bruno to represent their interests in the claim against the insurer. The damages were assessed and supplemental proofs of loss were presented to State Farm; however, the claims have not been resolved.

XII.

At 6:10 a.m. on August 29, 2005, Hurricane Katrina made landfall near Buras, Louisiana with a central eye pressure equal to a Category 5 hurricane, and then made a second landfall a short time later near the Louisiana-Mississippi border, the eye of the storm passing just east of the City of New Orleans at approximately 9:00 a.m.

XIII.

As a result of the effects of Hurricane Katrina, the home and contents of Petitioners sustained substantial damage.

XIV.

Upon returning to the city and evaluating the damage associated with Hurricane Katrina, Petitioners instituted claims for loss pursuant to their insurance policy.

XV.

Despite presenting satisfactory proofs of loss for damage sustained as a result of the hurricane, State Farm continuously utilized dilatory tactics leading to substantial delays in adjusting the claims of Petitioners.

XVI.

Additionally, State Farm refused to adequately adjust the claim and make payment of the amount of the claims, despite having been presented with satisfactory proofs of loss for damage sustained as a result of the hurricane.

### COUNT I — BREACH OF CONTRACT

3

### XVII.

Petitioners repeat and re-allege the allegations of the foregoing paragraphs as if the same were set forth at length herein.

### XVIII.

Valid contracts exist between Petitioners and State Farm in the form of an All Risk Policy, which obligates State Farm to cover the loss of or damage to a dwelling and personal property therein which is caused by wind or windstorms.

### XIX.

Petitioners paid all premiums due under their All Risk Policy and materially performed their obligations under that policy.

### XX.

Upon proper and repeated demands by Petitioners, the defendant has refused to meet its obligations under the All Risk Policies and refused to pay the full extent of damages sustained by the home and contents of Petitioners as a result of being destroyed or damaged by the efficient proximate cause of windstorms.

### XXI.

As a direct and proximate result of the breach by the defendant, Petitioners were deprived of the benefit of insurance coverage for which the defendant was paid substantial premiums and, accordingly, Petitioners have suffered substantial damages.

### XXII.

In addition to deprivation of the benefit of insurance coverage, Petitioners have endured undue hardship resultant from the defendant's conduct.

### XXIII.

This undue hardship, which included increased stress, irritability and short temper, was a mental injury that the defendant could reasonably expect persons in such a position to suffer.

### XXIV.

Petitioners aver that the defendant negligently failed to exercise reasonable care in fulfilling its duties to Petitioners, more particularly, but not limited to:

1. Failing to timely initiate loss adjustment of a claim after notification of loss;
2. Failing to promptly and adequately adjust the claims presented;

4

3. Failing to submit a timely written offer of settlement;
4. Providing an initial tender of payment at prices below regional commercial standards;
5. Failing to make complete payment after receipt of satisfactory proofs of loss of that claim;
6. Failing to fulfill the terms and conditions of the insurance contract at issue;
7. Failing to exercise reasonable care in the supervision of subordinates and employees;
8. Failing to exercise reasonable care;
9. Breach of express and implied warranties; and
10. Any and all other acts of negligence to be proven at trial.

XXV.

As a result of the above referenced conduct, Petitioners have sustained damages in the following non exclusive ways:

1. Loss of personal property and property value;
2. Inconvenience;
3. Loss of use of property;
4. Loss of income;
5. Loss of profits;
6. Mental anguish;
7. Loss of enjoyment of life;
8. as well as other damages to be proven at trial.

WHEREFORE, Petitioners demands judgment against the defendant for all amounts due under the All Risk Policy, other compensatory damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

## COUNT II – BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

XXVI.

Petitioners repeat and re-allege the allegations of the foregoing paragraphs as if the same were set forth at length herein.

XXVII.

By selling its All Risk Policies to Petitioners, the defendant undertook a duty of good faith and fair dealing to Petitioners, including an obligation to promptly indemnify Petitioners for the losses.

5

XXVIII.

Upon returning to the city and evaluating the damage associated with Hurricane Katrina, Petitioners instituted claims for loss pursuant to their insurance policies.

XXIX.

Despite presenting satisfactory proof of loss for damage sustained as a result of the hurricane, the defendant continuously utilized dilatory tactics leading to substantial delays in adjusting Petitioners' claims.

XXX.

Additionally, the defendant refused to adequately adjust the claim and make payment of the amount of the claim, despite having been presented with satisfactory proofs of loss for damage sustained as a result of the hurricane.

XXXI.

By engaging in the conduct described above, the defendant has violated the duties of good faith and fair dealing owed to Petitioners.

XXXII.

Moreover, by engaging in the conduct above, the defendant's persistent and systematic actions and failures to act were done with malice and gross negligence and with a disregard for Petitioners' rights so as to warrant the imposition of punitive damages against the defendant.

XXIII.

Additionally, that despite the fact that settlement negotiations have taken place, Petitioners contend that the defendant has been arbitrary and capricious in the adjustment and handling of their claims pursuant to Louisiana Revised Statute 22:658.

XXXIV

Petitioners further contend that the actions of the defendant were arbitrary and capricious and violated the duty to deal with Petitioners in good faith in failing to make a reasonable effort to settle the claim pursuant to La. R.S. 22:1220.

XXXV.

Pursuant to La. Rev. Stat. Ann. § 22:1220(A), the defendant owes Petitioners a "duty of good faith and fair dealing" as well as a duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims" with Petitioners.

6

XXXVI.

La. Rev. Stat. Ann. § 22:1220(B) prohibits the defendant from, inter alia, "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue" and "[f]ailing to pay the amount of any claim . . . when such failure is arbitrary, capricious or without probable cause."

XXXVII.

As such, the defendant has breached known duties through a motive of self interest and/or ill will without having a reasonable basis to deny these claims, instead denying claims in an arbitrary and capricious manner and without probable cause.

XXXVIII.

By engaging in all of the above conduct, the defendant has engaged in bad faith conduct in violation of La. Rev. Stat. Ann. § 22:658 & § 22:1220.

XXXIX.

As a direct and proximate result of the defendant's bad faith actions, Petitioners have suffered, and will continue to suffer, substantial damages.

XL.

WHEREFORE, Petitioners pray that the defendant be duly served and cited to appear and answer this Petition, and that after due proceedings, that there be judgment in favor of the Petitioners and against the defendant for damages as are reasonable in the premises with legal interest thereon from date of judicial demand and for all costs of these proceedings, and all general and equitable relief deemed proper by this Honorable Court.

Respectfully submitted

*[signature]*

JOSEPH M. BRUNO (3604)
MELISSA A. DEBARBIERIS (32124)
CHRISTOPHER HATCHER (32494)
BRUNO & BRUNO
855 Baronne Street
New Orleans, LA 70113
PH: (504) 525-1335
FX: (504) 561-6775
EM: jbruno@jbrunolaw.com

PLEASE SERVE

State Farm Fire and Casualty Company,
Through its registered agent for service of process,
The Louisiana Secretary of State
8549 United Plaza Blvd.
Baton Rouge, LA 70809.

8

A TRUE COPY
*[signature]*
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

