UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MONIQUE JUDICE, ET AL.**            **CIVIL ACTION**

**VERSUS**                            **NO:   10-4035**

**STATE FARM FIRE AND CASUALTY CO.**  **SECTION: "C" (4)**

## ORDER AND REASONS

This matter is before the Court on the issue whether the jurisdictional minimum existed at the date of filing.  Also before the Court is Defendant's motion to sever and proceed separately. (Rec. Doc. 22).  Having reviewed the record, the memoranda of counsel, and the law, the Court has determined that the jurisdictional minimum was not met, and therefore, that it lacks subject matter jurisdiction for the following reasons.

**I. FACTUAL BACKGROUND**

Plaintiffs are four Louisiana residents who each allegedly purchased homeowner's insurance policies from the Defendant to recover for losses to their property caused by "hurricane wind and hurricane driven rain."  (Rec. Doc. 1-1 at ¶ VI).  Defendant is incorporated and has its principal place of business in Illinois, and thus is an Illinois domiciliary.  (Rec. Doc. 1 at 2).  On September 27, 2010, Plaintiffs sued Defendant in the Civil District Court for the Parish of Orleans, seeking damages, including penalties and attorneys' fees under LSA R.S. § 22:1892 and LSA R.S.

§ 22:1973, for breach of contract and breach of the covenant of good faith and fair dealing. (Rec. Doc. 1-1 at ¶¶ I, XXXVII). On October 22, 2010, Defendant timely filed its notice of removal. (Rec. Doc. 1 at 11). On October 25, 2010, this Court ordered the parties to submit memoranda on the issue of whether Plaintiffs had met the minimum amount in controversy required for this court to have diversity jurisdiction over the suit. (Rec. Doc. 5).

## II. LAW & ANALYSIS

### a. APPLICABLE LAW

Subject matter jurisdiction is awarded to federal courts in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States." 28 U.S.C.A. § 1332. The person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). Thus, Defendant, as the removing party, bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F. 3d 720, 723 (5th Cir. 2002).

The parties do not dispute that Plaintiffs are Louisiana domiciliaries and that Defendant is an Illinois domiciliary. Therefore, complete diversity exists between the parties. Furthermore, the parties agree that the relief sought by Plaintiffs Monique Judice and Wesley Thibodeaux are for an amount less than $75,000. (Rec. Doc. 8 at 2; Rec. Doc. 10 at 3). Accordingly, the only issue for this Court is whether the amount sought by Plaintiffs Shawn Reed and Bobby Lenoir exceeds $75,000, respectively. The parties agree that without regard to statutory damages under LSA R.S. § 22:1892 and LSA R.S. § 22:1973, Plaintiff Reed seeks $47,342.00, and Plaintiff Lenoir seeks $41,001.43.

(Rec. Doc. 8 at 6, 8; Rec. Doc. 10 at 4).

First, the Court considers a plaintiff's explicit demand for less than $75,000 to be strong evidence that the jurisdictional amount is not met. *Allen v. R & H oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)("[I]f a plaintiff pleads damages less than the jurisdiction amount, he generally can bar a defendant from removal.").

Second, courts use the legal-certainty test to determine amount in controversy. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Specifically, the suit must be dismissed if it is apparent from the face of the pleadings or from the proofs that the plaintiff "cannot recover the amount claimed" or that the plaintiff was never entitled to that amount. *Id.* "Bare allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction." *Id. (quoting Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia v. Dow Química de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993)).

When a complaint alleges an unspecified amount of damages, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id.* (*citing Allen*, 63 F.3d at 1335). That is, the test is whether it is more likely than not that the amount of the claim will exceed $75,000. *See Manguno*, 276 F.3d at 723. The defendant can meet the "preponderance of the evidence" standard in two ways: "(1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount.'" *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (*quoting Allen*, 63 F.3d at 1335) (emphasis in original). The Court requires specificity from the parties in order to ensure that it has proper jurisdiction. *See Fernández*, 2008

WL 314405, *2. The Fifth Circuit has held that insurance policy limits do not determine the amount in controversy. *See Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). Further, the party seeking to include attorney fees and penalties in the jurisdictional amount "must present facts indicating the propriety of such penalties." *Thompson v. Allstate Insurance Co.*, 2007 WL 763219, *1 (E.D. La).

Finally, the Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986). When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Prac. & Proc.: Civil*, § 3739.

**b. ANALYSIS**

First, Plaintiffs indicated in their complaint that their individual damages amount "does not exceed the sum of $75,000." (Rec. Doc. 1-1 at ¶ 1). This statement provides strong evidence that the jurisdictional minimum does not exist. *Allen*, 63 F.3d at 1335.

Second, Defendant has not presented sufficient evidence to claim that the jurisdictional amount has been met. The only evidence before the Court is Defendant's assertion, based on the complaint, that the damage to Plaintiffs' property was "substantial" and that Plaintiffs seek their policy limits as well as attorneys' fees and penalties under under LSA R.S. § 22:1892 and LSA R.S. § 22:1973. (Rec. Doc. 8 at 3, 6-9). As for affirmative proof, Defendant points to Plaintiff Reed and Plaintiff Lenoir's demand letters, in which they each alleged that they sustained $57,353.80 and $50,388.28 worth of damage, respectively. Accounting for payments Defendant has already made, these Plaintiffs now allege they are owed $47,342.00 and $41,001.43. Both of these amounts are far below the jurisdictional minimum. Furthermore, Defendant merely states that Plaintiffs claim

to have a right to statutory penalties and fail to point to allegations in Plaintiffs' complaint or other affirmative proof that the Defendant's actions could constitute a breach. Thus, the fact that Plaintiffs claim statutory penalties should not be considered in calculating the jurisdictional amount.

### III. CONCLUSION

Based on the record and the law, the Court finds that the parties have not established the jurisdictional minimum and consequently have not established subject matter jurisdiction.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that Defendant's motion to sever and proceed separately is MOOT.  (Rec. Doc. 22).

New Orleans, Louisiana, this 5th day of October, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**